NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 13 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ISRAEL CHAMORRO-CASTILLO, | No. 20-73402 |
| Petitioner, | |
| v. | Agency No. A215-937-661 |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 9, 2026**
Seattle, Washington

Before: W. FLETCHER, BERZON, and R. NELSON, Circuit Judges.

Jose Israel Chamorro-Castillo, a native and citizen of Mexico, petitions for

review of a decision by the Board of Immigration Appeals ("BIA") dismissing his

appeal from an Immigration Judge's ("IJ") decision denying his motion to reopen.

We grant the petition and remand for application of a recent en banc decision of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

this court, *United States v. Rivera-Valdes*, 157 F.4th 978, 989 (9th Cir. 2025) (en banc), to this case.

1.     This court issued its decision in *United-States v. Rivera-Valdes* while Chamorro-Castillo's petition for review was pending. To initiate the removal of a noncitizen from the United States who is either inadmissible under 8 U.S.C. § 1182 or deportable under 8 U.S.C. § 1227, the government must provide the noncitizen with "written notice" of the removal proceedings. *Campos-Chaves v. Garland*, 602 U.S. 447, 451 (2024) (quoting 8 U.S.C. § 1229(a)(1), (2)). *Rivera-Valdes* held that immigration notices must be "reasonably calculated" to reach the noncitizen. *Rivera-Valdes*, 157 F.4th at 988 (citing *Jones v. Flowers*, 547 U.S. 220, 226 (2006)). "Notice is not reasonably calculated under the circumstances when the Government knows its method of service was ineffective and takes no additional steps to effect notice that are reasonably available to it." *Id.* at 989 (citation modified).

2.     Here, the immigration court issued a Notice of Hearing to the address that Chamorro-Castillo provided to the agency. The Notice of Hearing was returned to the immigration court in a return envelope labeled, "RETURN TO SENDER NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD." The IJ found that Chamorro-Castillo "did not provide a deliverable mailing address

2

as required," and "made himself unreachable by the Immigration Court." Relying on those findings, the BIA affirmed the IJ's decision.

The agency's findings do not address the issue central to *Rivera-Valdes*—whether, after learning that service was ineffective, the government could have taken "additional steps to effect notice that are reasonably available to it." *Rivera-Valdes*, 157 F.4th at 989. As to that inquiry, the IJ refused to "speculate as to how [Chamorro-Castillo] came into possession" of his deportation notice letter, which was issued after he was ordered removed *in absentia*. But the IJ nevertheless posited that "DHS may have called [Chamorro-Castillo] at the telephone number provided on ICE Form I-830E" to tell him to pick up the deportation notice letter. The IJ did not make findings as to whether the government had alternative means of communicating with Chamorro-Castillo or took additional reasonable steps to effectuate notice.

3. Chamorro-Castillo has sufficiently exhausted his administrative remedies as to his due process notice argument before the BIA. *See* 8 U.S.C. § 1252(d)(1). In his motion to reopen, Chamorro-Castillo argued that "[d]ue process requires notice of an immigration hearing that is reasonably calculated to reach the alien." In support of that proposition, Chamorro-Castillo cited *Jones*, 547 U.S. 220. The citation to *Jones* was directly connected to the proposition for which it was cited, that is, that the "reasonably calculated" notice requirement announced in that

3

case is applicable to immigration removal proceedings. So Chamorro-Castillo has sufficiently placed the BIA on notice of his argument as to due process and the relevance of *Jones*.

Chamorro-Castilo has also not forfeited his notice and due process claim before this court. In his opening brief, Chamorro-Castillo noted that the immigration court had his telephone number, so the IJ "could have called that phone number on the date of the Master Hearing" for which he did not receive notice. And, as in his motion to reopen, Chamorro-Castillo cited *Jones* in support of his due process argument. The relevance of *Jones* to due process immigration notice challenges—the issue decided in *Rivera-Valdes*—was "specifically and distinctly" argued in his opening brief and so was not forfeited. *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022).

We remand for the BIA to make the determination required by *Rivera-Valdes* and *Jones* as part of the "reasonably calculated" notice inquiry—whether, after it learned that notice was ineffective, the agency had reasonable steps available to it to effectuate service of the Notice of Hearing to Chamorro-Castillo.

**PETITION GRANTED and REMANDED.**